FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50501 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00394-AHM-1 |
| v. | |
| WILLIAM HERRERA ROSALES, AKA Joel Diaz, AKA William Herrera Obel, AKA Jose Moyen, AKA William Herrera Orvil, AKA Antonio Murillo Rico, AKA Jose Reyes Meyen, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted September 1, 2010[**]
Pasadena, California

Before: O'SCANNLAIN, FISHER and GOULD, Circuit Judges.

William Herrera Rosales (Herrera) appeals the district court's 46-month

sentence, arguing that the court clearly erred in adding two criminal history points

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

based on the finding that he illegally reentered the United States before October 25, 2008, the date that his state parole term expired. We affirm.

On March 18, 2009, Herrera signed an I-871 immigration form acknowledging that he illegally reentered the country "on or about October 1, 2008." Although Herrera now argues that his signature confirmed only that he did not wish to contest the determination that he was removable, the district court could reasonably have found that Herrera's signature affirmed the facts set forth in the document on which that determination was based. Also on March 18, Herrera told immigration officials that he reentered the country "[a]bout 6 months ago, October 2008." Six months prior to March 18 would have been September 18, 2008. Although Herrera argues this statement was only an approximation, the district court could reasonably have relied on it as evidence that Herrera reentered in early October.

Given this evidence, the district court did not clearly err in finding by a preponderance of the evidence that Herrera reentered the country prior to October 25, 2008. *See United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005).

Herrera's request for judicial notice, filed March 18, 2010, is granted.

**AFFIRMED.**